UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SUNDIADAA QRUNDAA MILLER, )
 )
      Plaintiff, )
 )
v. ) CV420-292
 )
TIMOTHY RUFFINI, *et al.*, )
 )
      Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Chatham County Detention Center, has filed a 42 U.S.C. § 1983 action in which he alleges misconduct during his state criminal proceedings. Docs. 1 & 4. The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 3, he did not, however, return the required forms, *see id.*, and he only paid a portion of the Court's filing fee, *see* docket entry dated December 3, 2020. Failure to pay the filing fee is not a jurisdictional defect, however. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). Since the screening required under 28 U.S.C. § 1915A shows that his Complaint should be dismissed, the filing fee issues are moot.

1

Plaintiff's allegations are, charitably, terse.[1] He alleges as "Count One" of his Complaint, *in toto*, that "[t]he arrest occurred on about January 26, 2020. On April 10, 2020, the Chatham County District Attorney's Office filed Accusation number SPCR20-00839-J6 for the instant charges. Defendant has remained incarcerated since his arrest." Doc. 1 at 3. "Count Two" of the original complaint states, in wholly conclusory fashion, that "[t]he Defendants violated plaintiff's 14th Amendment due process rights to the U.S. Constitution, and 8th Amendment Rights to the U.S. Constitution." *Id.* at 4. He later alleges that the state charges against him were dismissed. *Id.* at 4. He subsequently amended "Count Two," clarifying that the unstated conduct for which he was being prosecuted in the state court had been taken up by the United States Attorney's Office for prosecution. *See* doc. 4 at 2.

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court now screens plaintiff's claims under 28 U.S.C. § 1915A.

Plaintiff's claims against defendant Ruffini, the Assistant District Attorney, and the Chatham County District Attorney's Office should be dismissed. First, "[a]s a general rule, an Office of the District Attorney is not an entity subject to suit." *Tyner v. Howard*, 2017 WL 579954, at * 2 (N.D. Ga. Jan. 6, 2017) (collecting cases). Moreover, prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.* This immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for

the State.'" *Id.* (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Plaintiff's Complaint also names the Savannah Police Department, as an entity, and Abbassi Bijian, identified solely as a "police officer." *See* doc. 1 at 3. The Complaint is entirely devoid of any factual allegation concerning Bijian. *See generally, id.* Moreover, the only allegation related to police activity, as opposed to prosecutorial activity, is that

4

"[t]he police officers arrested plaintiff on or about January 26, 2020." *See id.* at 5.

Any claim against the Savannah Police Department, as an entity, can be disposed of with dispatch as it is not an entity subject to suit. "[P]olice departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department "is not an entity subject to suit . . ."). Any claim asserted against the Savannah Police Department, therefore, should be dismissed.

To the extent that the Court might infer that defendant Bijian was among the officers who arrested plaintiff, his Complaint does not include sufficient facts to state a false arrest claim. "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). There are no allegations in the Amended Complaint that the January 26, 2020 arrest was made without probable cause. *See Wright v. Dodd*, 438 F. App'x 805, 806–07 (11th Cir. 2011) (affirming district court's *sua sponte* dismissal of false arrest claim, where complaint "[did]

not allege any facts showing that the police lacked probable cause to arrest him."); *see also Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining existence of probable cause is absolute bar to § 1983 claim for false arrest).

Although the Complaint does not state a false arrest claim against defendant Bijian, Miller is entitled to an opportunity to amend that claim. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action.").

Finally, plaintiff's wholly conclusory invocations of constitutional amendments do not state a claim for relief. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." (citations omitted)). To the extent that his invocation of constitutional amendments intended to state a claim against a defendant

who is subject to suit and not immune, as explained above, he is free to clarify those claims in the amendment.

Miller has also moved for the appointment of counsel to represent him in this case. *See* doc. 6. He asserts that appointment is appropriate, "due to [his] lack of education in the field of law as well as [his] current lockdown status . . . ." *Id.* at 1. Plaintiff, however, has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**. Doc. 6.

In summary, Miller's claims against defendant Timothy Ruffini should be **DISMISSED** on immunity grounds. His claims against the Office of the District Attorney and Savannah Police Department should be **DISMISSED** because neither is an entity subject to suit. He has failed to state a claim against defendant Bijian. He is **DIRECTED** to submit an Amended Complaint asserting sufficient facts to support a claim against Bijian no later than fourteen days from the date of this Order. To the extent that his references to constitutional amendments intend to assert

a claim against a defendant subject to suit, he is free to assert those claims in his Amended Complaint. His Motion to Appoint Counsel is **DENIED**. Doc. 6.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 31st day of August, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA