IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SUNDIADAA QRUNDAA MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY RUFFINI, Assistant District Attorney, In his Individual Capacity; OFFICE OF THE DISTRICT ATTORNEY, Chatham County, Official Capacity; SAVANNAH POLICE DEPARTMENT, Official Capacity; and ABBASSI BIJIAN, Police Officer, In his Individual Capacity;<br><br>    Defendants. | CASE NO. CV420-292 |

## O R D E R

Before the Court is the Magistrate Judge's August 31, 2021, Report and Recommendation (Doc. 8), to which Plaintiff has not filed objections. After a careful review of the record,[1] the Report and Recommendation (Doc. 8) is **ADOPTED** as the Court's opinion in this case. Plaintiff's claims against Defendants Timothy Ruffini,

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

the Office of the District Attorney, and the Savannah Police Department are **DISMISSED**.

Additionally, the Magistrate Judge found that Plaintiff failed to state a claim for false arrest against the remaining Defendant, Abbassi Bijian, but gave Plaintiff an opportunity to file an amended complaint asserting sufficient facts to state such a claim. (Doc. 8 at 8.) The deadline to amend has passed, and Plaintiff has neither objected to the Magistrate Judge's determination nor filed an amended complaint. This Court has the authority to prune cases from its docket where parties have failed to comply with its orders. See S.D. Ga. L.R. 41.1(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (explaining that courts have the inherent authority to dismiss claims for lack of prosecution); Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) ("The district court possesses the inherent power to police its docket."); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam). By failing to file an amended

complaint, Plaintiff has shown an unwillingness to prosecute his claim against Defendant Bijian and has failed to obey the Magistrate Judge's order. Therefore, his remaining claims against Defendant Bijian are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 9th day of May 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA